UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORA MEDLEY, | No. 2:22-cv-00227 DB P |
| Plaintiff, | |
| v. | ORDER |
| S. PFITZER, et al., | |
| Defendants. | |

Plaintiff Theodora Medley is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On February 3, 2022, this case was transferred to this court from the United States District Court for the Central District of California by order of Magistrate Judge Margo A. Rocconi. (ECF No. 64.)

Presently before the court is defendants' motion for the court to screen plaintiff's complaint and for extension of time for file responsive pleading. (ECF No. 67.) Additionally, plaintiff's First Amended Complaint ("FAC") (ECF No. 10) and Supplemental Pleadings (ECF No. 60) are before the court for screening. For the reasons stated below, defendants' motion (ECF No. 67) will be granted. On screening, plaintiff's FAC and supplemental pleadings will be dismissed with leave to amend.

////

**DEFENDANTS' MOTION FOR SCREENING**

Defendants' have requested that the court screen the plaintiff's FAC and grant an extension of time for defendants to file responsive pleadings until the complaint has been screened. (ECF No. 67.) It does not appear that plaintiff's FAC and supplemental pleadings have been screened pursuant to 28 U.S.C. § 1915A. As such, defendants' motion for the complaint to be screened will be granted. Additionally, the deadline for answer or other responsive pleading will be vacated. Should plaintiff file pleadings that the court determines state a cognizable claim, defendants will be ordered to file answer or other responsive pleading.

**SCREENING**

**I. Legal Standards for Civil Rights Complaints**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

////

////

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Federal Rules of Civil Procedure – Rule 8(a)**

To determine whether a complaint states a claim, the court looks to the pleading standards under Federal Rule of Civil Procedure 8(a).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984).  Additionally, an amended complaint supersedes any prior complaint, Lacey ////

1  v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself
2  without reference to the prior or superseded pleading," E.D. Cal. R. 220.
3       Currently, there exist what are effectively two separate complaints in this case. (See ECF
4  Nos. 10, 60.) While the second document (ECF No. 60) was identified as supplemental pleadings
5  to the FAC, plaintiff has stated that these supplemental pleadings were intended to be a separate
6  action. (See ECF Nos. 61, 62.) From examining these two documents as well as the claims in
7  them, it is apparent that the existence of these two documents as portions of the complaint do not
8  give defendants fair notice of the claims against them. Jones, 733 F.2d at 649. Additionally,
9  some of the claims brought in the supplemental pleadings more properly belong in a separate
10 action.
11      For these reasons, it appears that the present pleadings do not comply with Rule 8 as they
12 do not provide defendants fair notice of the claims against them. However, it is also apparent that
13 plaintiff's FAC and supplemental pleadings do contain potentially cognizable claims.
14 Accordingly, plaintiff's FAC and supplemental pleadings will be dismissed but plaintiff will be
15 given leave to file an amended complaint. To the extent that plaintiff wishes to bring unrelated
16 claims against different defendants, plaintiff may also file additional separate actions.
17      Plaintiff is advised that plaintiff must adhere to the following standards for stating claims
18 for relief under § 1983.

19  - Plaintiff must clearly identify each defendant and describe just what that defendant
20    did that violated his constitutional rights.
21  - Plaintiff must identify as a defendant only persons who personally participated in a
22    substantial way in depriving plaintiff of a federal constitutional right. Johnson v.
23    Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
24    deprivation of a constitutional right if he does an act, participates in another's act
25    or omits to perform an act he is legally required to do that causes the alleged
26    deprivation). "Vague and conclusory allegations of official participation in civil
27    rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268
28    (9th Cir. 1982) (citations omitted).

4

- The following people are typically not appropriate defendants in a § 1983 action: (1) supervisory personnel, see Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (supervisors not liable for the actions of their employees under § 1983; respondeat superior is not a basis for liability); and (2) persons whose only role was reviewing plaintiff's administrative appeals, see George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.).

- CDCR is not a proper defendant as suit against CDCR under § 1983 is barred under the Eleventh Amendment and CDCR is not a person for purposes of § 1983. 42 U.S.C. § 1983; see Pennhurst State Sch. & Hospital v. Halderman, 465 U.S. 89, 100 (1984); see also Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149-50 (9th Cir. 2011).

- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).

- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). However, plaintiff may not bring a claim against one defendant in the same case as an unrelated claim against another defendant. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief.

- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.

- Plaintiff must exhaust administrative remedies before filing suit. 42 U.S.C. § 1997e(a).

5

## CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion for screening and extension of time (ECF No. 67) is granted.
2. The deadline for defendants to file responsive pleadings is vacated. When the court determines plaintiff's complaint contains cognizable claims, the court will order defendants to file responsive pleadings and set new dates these to be filed.
3. Plaintiff's First Amended Complaint (ECF No. 10) and supplemental pleadings (ECF No. 60) are dismissed with leave to amend.
4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."
5. Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.
6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  February 11, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/DB Prisoner Inbox/Civil Rights/S/medl0227.scrn lta